# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LOREZO DAVIS, | ) | CASE NO.: 5:21-cv-00598 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) ) | |

This matter comes before the Court on objections filed by Plaintiff Lorezo Davis to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 16, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On June 29, 2022, Davis objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Davis argued below that "the appointment of Andrew Saul as Commissioner of the Social Security Administration violated the separation of powers. As such, the decision in this case by an

ALJ who derived his authority from Andrew Saul was constitutionally defective." Doc. 14, p. 1, 8. The Commissioner conceded that 42 U.S.C. §902(a)(3) violated separation of powers because it limited the President's authority to remove the Commissioner without cause. Doc. 18, p. 5. The Commissioner argued that regardless of this unconstitutional statutory removal restriction, Davis must show that the restriction actually caused him harm. Doc. 18, p. 5. The R&R concluded that Davis failed to articulate a specific, compensable harm sustained because of the unconstitutional removal provision in §902(a)(3) and therefore his constitutional challenge failed.

Davis objects to this conclusion, again asserting that "Mr. Saul had no constitutionally valid authority to delegate to these ALJ or Appeals Council Judges." Doc. 21, p. 2. As such, Davis argues the ALJ's were operating without constitutional authority and their determinations were null. Id. This Court concludes that the R&R correctly applied and interpreted *Collins v. Yellen*. 141 S. Ct. 1761 (2021). The Supreme Court stated in *Collins* that even when there is an unconstitutional statutory removal restriction, a plaintiff is not entitled to relief unless he shows that the "unconstitutional provision . . . inflict[ed] compensable harm." Id. at 1788-89. The Supreme Court also held that the "unlawfulness of [a] removal provision does not strip [an official] of the power to undertake other responsibilities of his office." *Id.* at 1788, n.23. In his objections, Davis does not point to any further compensable harm, or point to any error in the R&R's conclusion. Accordingly, his objection on this issue is overruled.

Davis next contends that it was error for the ALJ to exclude his cane use in the RFC because the evidence included symptoms requiring a cane along with a prescription for the cane. Doc. 21, p. 2; Doc. 14, p. 21. However, if a "cane [is] not a necessary device for claimant's use, it cannot be considered an exertional limitation that reduced [his] ability to work." *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). To be "medically required" the record must include

"medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 SSR LEXIS 6 at *19, 1996 WL 374185, at *7.  In his objection, Davis relies on the fact that he was prescribed the cane. Doc. 20, p. 2. However, the prescription states only that the cane is to be used "daily as needed." Doc. 12, p. 655. Davis does not point to any medical documentation establishing that he required the use of a cane and describing the circumstances under which it was needed. The R&R upheld the ALJ's decision on this issue, explaining:

> The ALJ acknowledged Mr. Davis's receipt of a prescription for a cane but determined the cane was not "medically necessary because of the normal, and unassisted gait observations included in the record, both before and since its issuance." (Tr. 23) (citing Tr. 375 (November 2018 treatment note showing normal gait and station), 449 (January 2019 treatment note showing non-antalgic gait, favoring neither extremity), 584 (a fall risk assessment contained within an October 2019 emergency room note indicating Mr. Davis did not have an impaired gait and did not use an assistive device)).

Doc. 20, p. 24. The ALJ considered Davis' use of a cane, but determined it was not medically necessary for purposes of the RFC. Accordingly, Davis' objection on this issue is overruled.

Accordingly, Davis' objections are OVERRULED and the R&R is ADOPTED IN WHOLE.  The decision of the Commissioner is hereby AFFIRMED.


Dated: July 14, 2022  　　　　　　　　　　　　/s/ John R. Adams
　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE